# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE INCLUSIVE COMMUNITIES PROJECT, INC. | § § § | |
| v. | § § | Case No. 4:08-CV-434<br>Judge Schneider/Judge Mazzant |
| THE CITY OF MCKINNEY, TEXAS and THE HOUSING AUTHORITY OF THE CITY OF MCKINNEY, TEXAS | § § § | |

**MEMORANDUM ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636. On July 15, 2009, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendants' Motion to Dismiss (Dkt. #9) be DENIED.

On July 29, 2009, Defendant City of McKinney, Texas ("City") filed objections to the Magistrate Judge's report. On July 27, 2009, Defendant McKinney Housing Authority filed objections to the Magistrate Judge's report. On August 12, 2009, The Inclusive Communities Project, Inc. ("ICP") filed a response. Specifically, the City asserts that the Magistrate Judge's Report does not address the proper requirements and applicability of the Federal Rule of Civil Procedure 8 pleading standard. While the Magistrate Judge did not address the Rule 8 analysis with the specificity requested by the City, the findings and conclusions of the Magistrate Judge did address the appropriate standard provided by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and the findings and conclusions are correct.[1]

---

[1] See Magistrate Judge's Report and Recommendation at 10.

In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Gonzalez v. Kay*, No. 08-20544, 2009 WL 2357015 *2 (5th Cir. Aug. 3, 2009)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'" *Id*.

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1951. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, No. 08-30388, 2009 WL 1884605 *3 (5th Cir. July 1, 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. At 1950.

Here, ICP has pleaded facts that "permit the [C]ourt to infer that [ICP] is entitled to relief." *Id*. (quoting Fed. Rule Civ. Proc. 8(a)(2)). ICP alleges that the City and MHA are in violation of the

2

Fair Housing Act ("FHA"), 43 U.S.C. § 3604(a), for perpetuating racial segregation by making dwellings unavailable because of race. COMPLAINT at 2. ICP alleged that McKinney, Texas is racially segregated where East McKinney, east of U.S. Highway 75, is 49% white, while West McKinney, west of U.S. Highway 75, is 86% white. *Id*. at 4. According to ICP, all of the public housing and most of the landlords willing to accept Section 8 vouchers are located on the east side of McKinney. *Id*. ICP alleges that the population of housing procured through such programs is predominantly made up of racial minorities. *Id*. at 6. ICP argues that the City and MHA are in violation of the FHA because they are willing to negotiate for and provide low-income housing units in east McKinney, but not west McKinney, which amounts to illegal racial steering. *Id*. at 10.

In the opinion of the Court, ICP has provided more than "legal conclusions couched as factual allegation." *Iqbal*, 129 S.Ct. at 1950. (quoting *Twombly*, 550 U.S. at 555.). The facts pleaded are not "[t]hreadbare recitals of the elements of a cause of action." *Id*. at 1949. ICP has made "well-pleaded factual allegations," therefore the Court "should assume their veracity and then determine whether they plausibly give rise to entitlement to relief." *Id*. at 1950. Based on the Court's "judicial experience and common sense," ICP's alleged facts give rise to a plausible entitlement to relief under the FHA. *Id*. Taken as true, ICP's allegations of steering low-income housing away from predominantly Caucasian areas and into predominantly minority areas could plausibly entitle ICP to relief under the FHA. Therefore, ICP's complaint should not be dismissed pursuant to Rule 12(b)(6).

After reviewing Defendants objections regarding the Rule 8 pleading standard and having made a *de novo* review of all other objections raised by Defendants, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections are without

merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court, and Defendants' Motion to Dismiss (Dkt. #9) is DENIED.

It is, therefore, **ORDERED** that Defendants' Motion to Dismiss (Dkt. #9) is DENIED**.
SIGNED this 18th day of August, 2009.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE